**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4790**

———————

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

      v.

COREY TERRELLE BEATY,

                Defendant – Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Henry M. Herlong, Jr., Senior District Judge. (7:08-cr-00105-HMH-1)

———————

Submitted: April 29, 2010          Decided: May 28, 2010

———————

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis H. Lang, CALLISON TIGHE & ROBINSON, LLC, Columbia, South Carolina, for Appellant. W. Walter Wilkins, United States Attorney, Maxwell Cauthen, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After he pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (2006) and 18 U.S.C. § 924(a)(2), (e) (2006), the district court sentenced Corey Terrelle Beaty to 120 months' imprisonment. On appeal, Beaty asserts his sentence is procedurally unreasonable because the district court failed to adequately explain the reasons for the sentence it imposed. We reject this contention and affirm the district court's judgment for the following reasons.

We review Beaty's sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id.

Beaty did not preserve his objection to the sufficiency of the district court's explanation "[b]y drawing arguments from § 3553 for a sentence different than the one ultimately imposed." United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010). Accordingly, we will review Beaty's challenge

to the sufficiency of the court's explanation of his sentence for plain error. Id. at 576-77. To establish plain error, Beaty must demonstrate that (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993).

Applying the Supreme Court's directive in Gall, this court has opined that, "[r]egardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). We recently reiterated this requirement in Lynn. See Lynn, 592 F.3d at 576.

Even if we were to find the district court's explanation for the sentence imposed in this case was inadequate, which we do not, see United States v. Hernandez, __ F.3d __, 2010 WL 1695606, at *3-*4 (4th Cir. 2010), we would nonetheless affirm the district court's judgment. Beaty's attorney did not rely on any of the § 3553(a) sentencing factors to advocate for a sentence different than the 120-month sentence Beaty received, which was the lowest sentence available under the controlling advisory guideline. Accordingly, Beaty cannot demonstrate that the district court's "very brief

3

explanation . . . had a prejudicial effect on the sentence imposed." <u>Lynn</u>, 592 F.3d at 580.

For these reasons, we affirm Beaty's sentence.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] Although not raised, we note that we afford Beaty's within-Guidelines sentence a presumption of substantive reasonableness. <u>See</u> <u>United States v. Wright</u>, 594 F.3d 259, 267 (4th Cir. 2010); <u>see also</u> <u>Rita v. United States</u>, 551 U.S. 338, 347 (2007) (upholding rebuttable presumption of reasonableness for within-Guidelines sentence).

4