**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5120**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

WADDELL G. GIBBS,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:07-cr-00233-REP-1)

Submitted:  April 8, 2011          Decided:  April 22, 2011

Before SHEDD and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Dana R. Cormier, DANA R. CORMIER, PLC, Staunton, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Jessica Aber Brumberg, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Waddell G. Gibbs appeals his sentence after pleading guilty to possession with intent to distribute five grams or more of cocaine base, possession of marijuana, and possession of a firearm in furtherance of a drug trafficking crime. On appeal, Gibbs contends that the district court erred in finding drug quantity under U.S. Sentencing Guidelines Manual § 2D1.1 (2007), and his sentence is unreasonable in light of the factors under 18 U.S.C. § 3553(a) (2006). We affirm.

We review a sentence imposed by the district court under a deferential abuse-of-discretion standard. See Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. On appeal, we presume that a sentence within a properly calculated guideline range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

In sentencing, the district court should first calculate the guideline range and give the parties an

opportunity to argue for whatever sentence they deem appropriate. <u>United States v. Pauley</u>, 511 F.3d 468, 473 (4th Cir. 2007). The district court should then consider the relevant § 3553(a) factors to determine whether they support the sentence requested by either party. <u>Id.</u> When rendering a sentence, the district court must make and place on the record an individualized assessment based on the particular facts of the case before the court. <u>Carter</u>, 564 F.3d at 328, 330. "Such individualized treatment is necessary to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." <u>Id.</u> at 328 (internal quotation marks and citations omitted).

In explaining the chosen sentence, the "sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority," but when the judge decides simply to apply the guidelines, "doing so will not necessarily require lengthy explanation." <u>Rita v. United States</u>, 551 U.S. 338, 356 (2007). This is "because guidelines sentences themselves are in many ways tailored to the individual and reflect approximately two decades of close attention to federal sentencing policy." <u>United States v. Hernandez</u>, 603 F.3d 267, 271 (4th Cir. 2010) (internal

3

quotation marks and citations omitted).  While a district court must consider the statutory factors and explain its sentence, it need not explicitly reference § 3553(a) or discuss every factor on the record, particularly when the district court imposes a sentence within a properly calculated guideline range.  United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

Gibbs first contends that the district court erred in finding drug quantity under USSG § 2D1.1.  The probation officer determined he was accountable for 40.72 grams of cocaine base and 1.73 grams of Alprazolam which converted to 464.21 kilograms of marijuana and resulted in a base offense level of twenty-eight under USSG § 2D1.1(c)(6).  After a three-level reduction for acceptance of responsibility, and with his criminal history category V, Gibbs's advisory guideline range was 100 to 125 months on count one, twelve months on count two, and the consecutive sixty-month term on count three.

The drug quantity was based on seizures from Gibbs of 5.72 grams of cocaine base, 1.1 grams of marijuana, 1.73 grams of Alprazolam, and $1275 in cash.  Police also found a revolver, ammunition, a digital scale, and numerous plastic baggies with the ends torn off.  Moreover, when police arrived to execute the search warrant, they found Gibbs flushing drugs down the toilet; he admitted flushing down marijuana; and drugs had been seized from Gibbs just a few months earlier.  The probation officer

4

determined that an ounce of cocaine base was worth approximately $1000, and that the cash seized from Gibbs should be converted to 35 grams of cocaine base. Gibbs objected to conversion of all the cash to cocaine base, contending that $983 of the $1275 was the remaining proceeds of his lottery winnings. He also moved for a variance sentence below his guideline range.

Gibbs presented evidence that a check for $2700 in lottery winnings had been cashed by a friend approximately two weeks previously, and his attorney proffered that he paid the friend $100 to claim the winnings and cash the check for him to avoid paying fines. He did not present any evidence of how much money he spent in support of his claim that $983 was remaining lottery proceeds. The Government noted he did not claim that the cash was lottery proceeds at the time of his arrest and contended that even if he won the lottery, it was unreasonable to believe based on information in the presentence report that he would still have that money on the date of his arrest.

The district court found that the undisputed contents of the presentence report established that he spent $3400 on alcohol, marijuana, and cough medicine and made $500 from his hobby of installing car stereo equipment during this period. The court found the Government had proved he spent the lottery winnings on his drug and alcohol habits, and the $1275 was drug proceeds. The court overruled Gibbs's objection. After hearing

5

evidence and argument on Gibbs's motion for a downward variance, the court denied the motion and sentenced him at the low end of his guideline range to 100 months in prison on count one, twelve months on count two, and a consecutive sixty-month term on count three. The court recommended that Gibbs participate in the 500-hour drug treatment program while in prison, and in substance abuse and mental health treatment while on supervised release.

Based on our review of the record, we conclude that the district court did not clearly err in finding drug quantity. See USSG § 2D1.1 cmt. n.12; United States v. Kiulin, 360 F.3d 456, 461 (4th Cir. 2004); United States v. Hicks, 948 F.2d 877, 881, 883 (4th Cir. 1991). We further conclude that Gibbs has failed to rebut the presumption that his sentence is reasonable.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED