<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-5161**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

RAY CHARLES PAGE,

        Defendant – Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:10-cr-00024-NCT-1)

———————

Submitted: June 27, 2011           Decided: July 12, 2011

———————

Before NIEMEYER, DAVIS, and KEENAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Charles H. Harp, II, CHARLES H. HARP, II, P.C., Lexington, North Carolina, for Appellant. Ripley Rand, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ray Charles Page pled guilty, pursuant to a written plea agreement, to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). The district court calculated Page's Guidelines range under the U.S. Sentencing Guidelines Manual (2009) at seventy to eighty-seven months' imprisonment and sentenced Page to seventy months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court abused its discretion in imposing sentence. We affirm.

We review Page's sentence "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). In conducting this review, we "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. at 51. "When rendering a sentence, the district court must make an individualized assessment based on the facts presented," United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal

2

quotation marks and emphasis omitted), and must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing," Gall, 552 U.S. at 50. "When imposing a sentence within the Guidelines, however, the [district court's] explanation need not be elaborate or lengthy because [G]uidelines sentences themselves are in many ways tailored to the individual and reflect approximately two decades of close attention to federal sentencing policy." United States v. Hernandez, 603 F.3d 267, 271 (4th Cir. 2010) (internal quotation marks omitted).

Once we have determined that the sentence is free of procedural error, we must consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. If the sentence is within the appropriate Guidelines range, we apply a presumption on appeal that the sentence is reasonable. See United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only by showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

In this case, the district court correctly calculated and considered the advisory Guidelines range and heard argument from counsel and allocution from Page. The court considered

3

relevant § 3553(a) factors and explained that the within-Guidelines sentence was warranted in light of the nature and circumstances of the offense and Page's history and characteristics. Further, neither counsel nor Page offers any grounds to rebut the presumption on appeal that the within-Guidelines sentence of seventy months' imprisonment is substantively reasonable. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Page.

In accordance with Anders, we have also reviewed the remainder of the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Page, in writing, of the right to petition the Supreme Court of the United States for further review. If Page requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Page.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED