**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4374**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

LUIS ALEJO-VASQUEZ,

Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:10-cr-00230-WO-1)

Submitted:  October 7, 2011          Decided:  October 18, 2011

Before DUNCAN, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Harry L. Hobgood, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Alejo-Vasquez ("Alejo") pled guilty, pursuant to a written plea agreement, to one count of illegal reentry of a deported or removed alien after conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). The presentence report ("PSR") recommended a base offense level of eight and a twelve-level increase because Alejo previously had been deported after sustaining a conviction for a felony drug trafficking offense for which he received a sentence of imprisonment of thirteen months or less. See U.S. Sentencing Guidelines Manual ("USSG") § 2L1.2(a), (b)(1)(B) (2010). The PSR also recommended a three-level reduction for acceptance of responsibility, see USSG § 3E1.1, resulting in a total offense level of seventeen. Alejo's criminal history was in Category III, and the PSR accordingly calculated his Guideline range at thirty to thirty-seven months' imprisonment. Alejo did not object to the PSR's calculation of the Guidelines range. The district court adopted the PSR, calculated the Guidelines range at thirty to thirty-seven months' imprisonment, and sentenced Alejo to thirty-three months' imprisonment. On appeal, Alejo challenges this sentence as procedurally and substantively unreasonable. We affirm.

This court reviews the sentence imposed by the district court, "whether inside, just outside, or significantly

outside the Guidelines range," under a "deferential abuse-of-discretion standard." <u>Gall v. United States</u>, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. <u>Id.</u> at 51.

In determining whether a sentence is procedurally reasonable, we first assess whether the district court properly calculated the defendant's Guidelines range. <u>Id.</u> at 49, 51. We then consider whether the district court treated the Guidelines as mandatory, failed to consider the 18 U.S.C. § 3553(a) (2006) factors and any arguments presented by the parties, selected a sentence based on "clearly erroneous facts," or failed to explain sufficiently the selected sentence. <u>Id.</u> at 50-51; <u>United States v. Pauley</u>, 511 F.3d 468, 473 (4th Cir. 2007). "When rendering a sentence, the district court must make an individualized assessment based on the facts presented," <u>United States v. Carter</u>, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted), and must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." <u>Gall</u>, 552 U.S. at 50. "When imposing a sentence within the Guidelines, however, the [district court's] explanation need not be elaborate or lengthy because [G]uidelines sentences themselves are in many ways tailored to the individual and

3

reflect approximately two decades of close attention to federal sentencing policy." United States v. Hernandez, 603 F.3d 267, 271 (4th Cir. 2010) (internal quotation marks omitted).

If the sentence is free of significant procedural error, we review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. If the sentence is within the appropriate Guidelines range, this court applies a presumption on appeal that the sentence is reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only by showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Alejo argues that his sentence is procedurally unreasonable because the district court failed to address his arguments for a sentence at the "low end" of the Guidelines range and explain why it rejected those arguments. After review of the record, we conclude this contention is without merit. At sentencing, Alejo advanced his personal circumstances without explaining why those circumstances merited a sentence at the low end of the Guidelines. The district court listened to Alejo's arguments, noted that the Guidelines range accounted for these circumstances, and stated that, after consideration of the

4

Guidelines range and the § 3553(a) factors, a within-Guidelines sentence of thirty-three months' imprisonment was sufficient, but not greater than necessary, to achieve the purposes of sentencing. We therefore conclude that Alejo fails to establish procedural error by the district court.

Alejo also argues that the thirty-three-month sentence is substantively unreasonable. Specifically, Alejo contends that, as a result of the application of USSG § 2L1.2(b)(1)(B), his offense level and resulting Guidelines range overrepresented the seriousness of his criminal conduct and that the Guidelines treated him as if he had committed more serious offenses, a treatment he asserts does not comport with § 3553(a)'s overall goal that a sentence not be excessive. Alejo further contends that the thirty-three-month sentence is unreasonable in light of his struggles with drug addition, his cooperation with immigration authorities, and his work and military history.

Alejo, however, has not demonstrated that the district court erred in its application of USSG § 2L1.2 and does not direct us to any authority establishing that a proper application of this Guideline could produce a sentence unintended by Congress. Further, Alejo fails to explain how his personal characteristics render the within-Guidelines sentence of thirty-three months' imprisonment unreasonable when measured against the § 3553(a) factors. Accordingly, he fails to

overcome the appellate presumption that his within-Guidelines sentence is substantively reasonable.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

6