**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4343**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ARMON LEWIS PINION, a/k/a Tony Faison,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (7:09-cr-00019-F-1)

Submitted: October 13, 2011        Decided: October 31, 2011

Before MOTZ, SHEDD, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Samuel A. Forehand, LAW OFFICE OF SAMUEL A. FOREHAND, P.A., Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, John H. Bennett, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Armon Lewis Pinion was convicted by a jury of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006), for his July 9, 2008 possession of an Uzi semi-automatic rifle and a .45 caliber revolver. The district court sentenced Pinion to 120 months in prison. Pinion timely appeals, and we affirm.

Pinion raises three issues on appeal, alleging that the district court erred by (1) excluding portions of his testimony as hearsay; (2) allowing testimony by Wilson, an informant, that he had in the past observed firearms in Pinion's possession; and (3) failing to place an individualized assessment on the record in imposing the sentence.

We review the admissibility of evidence for abuse of discretion and "will only overturn an evidentiary ruling that is arbitrary and irrational." United States v. Cole, 629 F.3d 146, 153 (4th Cir. 2011) (internal quotation marks omitted). Under Fed. R. Evid. 801(c), hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Hearsay is generally not admissible in evidence. Fed. R. Evid. 802. Pinion contends that the disputed testimony was not offered for the truth of the matter asserted; rather, Pinion asserts that the statements provided context for his

testimony.  However, even if this was so, the jury would have had to accept the statements as true in order to either bolster Pinion's credibility or provide a factual basis for his testimony.  Therefore, our review of the record leads us to conclude that the district court did not abuse its discretion in excluding the testimony as hearsay.

Next, Pinion contends that the district court erred in admitting Wilson's testimony regarding Pinion's prior possession of firearms.  Again, this court reviews such evidentiary rulings for an abuse of discretion, and we assess these rulings by viewing the evidence in the "light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect."  Cole, 631 F.3d at 153 (internal quotation marks omitted).

Rule 401 provides for the admission of relevant evidence, which is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401. "[R]elevance typically presents a low barrier to admissibility." United States v. Leftenant, 341 F.3d 338, 346 (4th Cir. 2003). Thus, evidence is relevant if it is "worth consideration by the jury" or has a "plus value."  United States v. Queen, 132 F.3d 991, 998 (4th Cir. 1997) (internal quotation marks omitted).

Wilson's testimony regarding Pinion's prior possession of firearms provides a "plus value" in that it establishes a basis for Wilson's testimony that he believed that Pinion would have firearms for sale. Our review of the record leads us to conclude that the evidence in question was relevant and the district court did not abuse its discretion in allowing Wilson's testimony. Moreover, any error in admitting the testimony was harmless to Pinion because the district court gave the jury a proper limiting instruction. See United States v. Byers, 649 F.3d 197, 210-11.

Lastly, Pinion claims that his sentence was procedurally unreasonable because the district court failed to place on the record an adequate individualized assessment based on the facts of the case. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Clay, 627 F.3d 959, 964 (4th Cir. 2010). In so doing, we first examine the sentence for "significant procedural error," including "failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. The district court "must place on the record an 'individualized assessment' based on the particular facts of the case before it. This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate

4

to permit 'meaningful appellate review.'" United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50) (footnote and citation omitted). While a district court must consider the statutory factors and explain its sentence, it need not discuss every factor on the record, particularly when the district court imposes a sentence within a properly calculated Guidelines range. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

Our review of the records indicates that the district court did place a sufficient assessment of the facts of the case on the record, focusing on Pinion's criminal history, which spanned a fifty-year period and included many serious offenses. Therefore, the court did provide an adequate explanation for its within-Guidelines sentence. See Rita v. United States, 551 U.S. 338, 356-59 (2007); United States v. Hernandez, 603 F.3d 267, 271-72 (4th Cir. 2010). We conclude that Pinion's sentence is procedurally reasonable.

Based on the foregoing, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED