**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-4079**

───────────

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

        v.

JOEL LOPEZ-TORRES, a/k/a Julio Rodriguez-Arroyo, a/k/a Julio
Daniel-Rodriguez,

             Defendant – Appellant.

───────────

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Thomas D. Schroeder,
District Judge.  (1:10-cr-00252-TDS-1)

───────────

Submitted:  November 17, 2011      Decided:  November 29, 2011

───────────

Before SHEDD, DUNCAN, and DAVIS, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

James E. Quander, Jr., QUANDER & RUBAIN, P.A., Winston-Salem,
North Carolina, for Appellant.  Angela Hewlett Miller, Assistant
United States Attorney, Greensboro, North Carolina, for
Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joel Lopez-Torres ("Lopez") pled guilty, pursuant to a written plea agreement, to one count of illegally entering the United States after deportation or removal as an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006), and one count of possession of a counterfeit alien registration receipt card, in violation of 18 U.S.C. § 1546(a) (2006). The district court calculated Lopez's Guidelines range under the U.S. Sentencing Guidelines Manual (2010) at forty-one to fifty-one months' imprisonment and sentenced Lopez to two concurrent terms of forty-three months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court erred in sentencing Lopez. Lopez was advised of his right to file a pro se supplemental brief, but has not done so. The Government declined to file a brief. We affirm.

We review Lopez's sentence "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). In conducting this review, we

> must first ensure that the district court committed no
> significant procedural error, such as failing to
> calculate (or improperly calculating) the Guidelines
> range, treating the Guidelines as mandatory, failing
> to consider the [18 U.S.C.] § 3553(a) [(2006)]
> factors, selecting a sentence based on clearly

2

erroneous facts, or failing to adequately explain the chosen sentence.

Id. at 51. "When rendering a sentence, the district court must make an individualized assessment based on the facts presented," United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted), and must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Gall, 552 U.S. at 50. "When imposing a sentence within the Guidelines, however, the [district court's] explanation need not be elaborate or lengthy because [G]uidelines sentences themselves are in many ways tailored to the individual and reflect approximately two decades of close attention to federal sentencing policy." United States v. Hernandez, 603 F.3d 267, 271 (4th Cir. 2010) (internal quotation marks omitted).

Once we have determined that the sentence is free of procedural error, we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. If the sentence is within the appropriate Guidelines range, we apply a presumption on appeal that the sentence is reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only if the defendant demonstrates "that

3

the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

In this case, the district court correctly calculated and considered the advisory Guidelines range and heard argument from counsel and allocution from Lopez. The court considered the § 3553(a) factors and explained that the within-Guidelines sentences were warranted in light of the nature and circumstances of Lopez's offenses and the need for the sentences to reflect the seriousness of the offenses and to protect the public from further crimes by Lopez. Further, neither counsel nor Lopez offers any grounds to rebut the presumption on appeal that the within-Guidelines sentences of forty-three months' imprisonment are substantively reasonable. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Lopez.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Lopez, in writing, of the right to petition the Supreme Court of the United States for further review. If Lopez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

4

representation.  Counsel's motion must state that a copy thereof was served on Lopez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5