**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 11-4537**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

NATHANIEL COLLETON,

              Defendant - Appellant.

─────────────

**No. 11-4538**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

NATHANIEL COLLETON, a/k/a Kiki,

              Defendant - Appellant.

─────────────

Appeals from the United States District Court for the District
of South Carolina, at Charleston.   David C. Norton, Chief
District Judge. (2:09-cr-01084-DCN-1; 2:08-cr-00581-DCN-1)

─────────────

Submitted: February 21, 2012          Decided:  March 8, 2012

─────────────

Before DAVIS, KEENAN, and DIAZ, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

———————————

J. Robert Haley, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. William N. Nettles, United States Attorney, Peter T. Phillips, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathaniel Colleton pled guilty to one count of conspiracy to possess with the intent to distribute and to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846 (2006), one count of possession with the intent to distribute and distribution of heroin to another person, resulting in the death or serious bodily injury of that person, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(C) (West 2006 & Supp. 2011), and one count of possession with the intent to distribute and distribution of heroin while on release pending sentencing, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 3147(1) (2006). Calculating the advisory Guidelines sentence pursuant to the U.S. Sentencing Guidelines Manual (2010), the district court determined the sentencing range was 324 to 405 months' imprisonment. The court sentenced Colleton to a total of 324 months' imprisonment. Colleton now appeals, arguing that the sentence is procedurally and substantively unreasonable. We affirm.

We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 41, 51 (2007). A sentence is procedurally reasonable when the district court properly calculates the defendant's advisory Guidelines range, considers the 18 U.S.C. § 3553(a) (2006) sentencing factors, analyzes any arguments presented by the

3

parties, and sufficiently explains the selected sentence.  Id. at 49–51.  "When rendering a sentence, the district court must make an individualized assessment based on the facts presented," United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted), and must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing."  Gall, 552 U.S. at 50.  "When imposing a sentence within the Guidelines, however, the [district court's] explanation need not be elaborate or lengthy because [G]uidelines sentences themselves are in many ways tailored to the individual and reflect approximately two decades of close attention to federal sentencing policy."  United States v. Hernandez, 603 F.3d 267, 271 (4th Cir. 2010) (internal quotation marks omitted).

If the sentence is free of significant procedural error, we review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances."  Gall, 552 U.S. at 51.  If the sentence is within the appropriate Guidelines range, this court applies a presumption on appeal that the sentence is reasonable.  United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010).  Such a presumption is rebutted only by showing "that the sentence is unreasonable when measured against the § 3553(a) factors."

4

United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Colleton argues that his sentence is procedurally unreasonable because the district court failed to address and explain why it rejected his argument for the imposition of a below-Guidelines sentence. Upon our review, we conclude that this contention is without merit. At sentencing, Colleton alluded to the circumstances surrounding the drug overdose death of the person to whom he delivered heroin, without explaining why those circumstances merited a below-Guidelines sentence. Further, we conclude that the district court provided an adequate individualized assessment, taking into account counsel's arguments for a below-Guidelines sentence and relevant § 3553(a) factors.

Finally, we reject as without merit Colleton's argument that his sentence is substantively unreasonable. The argument, in essence, asks this court to substitute its judgment for that of the district court. Even if this court may have weighed the § 3553(a) factors differently if we had resolved the case in the first instance, we will defer to the district court's decision that the 324-month sentence achieved the purposes of sentencing in Colleton's case. See United States v. Jeffery, 631 F.3d 669, 679 (4th Cir.) ("[D]istrict courts have extremely broad discretion when determining the weight to be

5

given each of the § 3553(a) factors."), cert. denied, 132 S. Ct. 187 (2011).

We accordingly affirm the judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED