**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4166**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

BYRON JERMAINE WELTON,

             Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Henry M. Herlong, Jr., Senior District Judge.  (8:10-cr-00136-HMH-1)

Submitted:  July 24, 2012              Decided:  August 3, 2012

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lora E. Collins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  William N. Nettles, United States Attorney, E. Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Byron Jermaine Welton pled guilty, without a plea agreement, to armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d) (2006), and knowingly using and carrying a firearm during and in relation to, and possessing the firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). He received a within-Guidelines sentence of 130 months' imprisonment. Welton argues that his sentence is procedurally unreasonable because the district court failed to provide sufficient explanation for its chosen sentence. We affirm.

We review a sentence for reasonableness under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41 (2007). A sentence is procedurally reasonable if, among other things, the court sufficiently explains its reasons for imposing it. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). The district court must provide "an individualized assessment based on the particular facts of the case before it." Id. at 330. While every sentence requires an adequate explanation, when the district court imposes a sentence within the Guidelines range, "the explanation need not be elaborate or lengthy." United States v. Hernandez, 603 F.3d 267, 271 (4th Cir. 2010).

2

At his sentencing hearing, Welton argued that due to his post-offense diagnosis of schizophrenia, a variance below the Guidelines range was appropriate. The district court declined to vary downward. Welton contends that the district court did not provide an adequate explanation of its refusal. The "individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit 'meaningful appellate review.'" Carter, 564 F.3d at 330 (quoting Gall, 552 U.S. at 51). The district court addressed Welton's argument for a variance and explained that Welton's record of violent felonies, refusal to take medication, and danger to the public supported a more stringent sentence. Our review of the record leads us to conclude that the district court provided an adequate explanation of Welton's sentence and did not abuse its discretion in imposing its chosen sentence.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

3