**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 08-5057

BENJAMIN ISLAS HERNANDEZ,

*Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., Senior District Judge.
(6:07-cr-01365-HMH-1)

Argued: March 26, 2010

Decided: April 27, 2010

Before WILKINSON, NIEMEYER, and SHEDD,
Circuit Judges.

Affirmed by published opinion. Judge Niemeyer wrote the
opinion, in which Judge Wilkinson and Judge Shedd joined.

**OPINION**

**ARGUED**: Joseph Bradley Bennett, SALVINI & BENNETT, LLC, Greenville, South Carolina, for Appellant. William Jacob Watkins, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee. **ON BRIEF**: W. Walter Wilkins, United States Attorney, Columbia, South Carolina, A. Lance Crick, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

---

**OPINION**

NIEMEYER, Circuit Judge:

After Benjamin Hernandez pleaded guilty to conspiracy to possess illegal drugs with the intent to distribute them, the district court sentenced him to 262 months' imprisonment, at the low end of the advisory Sentencing Guidelines range. This was the sentence that Hernandez had requested. In explaining the sentence, the district court stated that it believed that the purposes of 18 U.S.C. § 3553(a) "are accomplished with a guideline sentence, therefore, the court will impose a guideline sentence."

On appeal, Hernandez contends for the first time that the sentence was procedurally unreasonable because the district court failed to state "with specificity its rationale" for the sentence.

Reviewing Hernandez's claim under the plain-error standard of review, we conclude that Hernandez has failed to demonstrate either error or prejudice. Accordingly, we affirm.

I

Prior to his arrest in November 2007, Benjamin Hernandez had been a major distributor of methamphetamine and cocaine

in the Greenville, South Carolina area. After his arrest, he pleaded guilty to conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, 50 grams or more of methamphetamine, and 500 grams or more of a mixture containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.

The presentence report prepared for Hernandez indicated that he led a conspiracy that was responsible for 15 kilograms or more of methamphetamine and at least 5 kilograms or more of cocaine. In calculating the applicable sentencing range under the Sentencing Guidelines, the report concluded that Hernandez's base offense level was 38, to be increased 4 levels for Hernandez's role in the offense and decreased 3 levels for his acceptance of responsibility, for a total offense level of 39. With a criminal history category of I, the report concluded that the advisory Guidelines range for Hernandez's sentence was 262 to 326 months' imprisonment.

At sentencing, Hernandez stated explicitly that he had no objections to the presentence report. In addition, his counsel pointed out to the court that Hernandez was a "35 year old young man from Mexico," who had had a difficult childhood, inasmuch as his father had died when he was eight. He came to the United States looking for work, but unfortunately developed a drug problem. Finally, counsel stated that Hernandez "is hoping—we ask, your Honor, to be recommended for the drug program while he does that time and ask your Honor for the low end of the guideline range." In allocution, Hernandez himself asked for forgiveness and committed to the court that "once I leave here I will not return."

The district court listened to Hernandez and his counsel, adopted the findings and calculations of the presentence report, and then stated:

> The court has considered those factors contained in 18 U.S.C. § 3553(a). The court has also considered

the guidelines as advisory only. The court believes that the purposes of the statute are accomplished with a guideline sentence, therefore, the court will impose a guideline sentence.

The court then imposed a sentence of 262 months' imprisonment, as Hernandez had requested. The court also recommended that Hernandez "be considered for drug treatment while in the Bureau of Prisons," as he had requested.

From the judgment of the district court, entered on October 17, 2008, Hernandez appeals, raising one issue—whether the district court erred in failing to state "with specificity its rationale for the imposition of this sentence."

## II

Although Hernandez was given the sentence he requested, he asserts on appeal:

[T]he district court's blanket statement that a Guidelines sentence was appropriate and accomplished the goals of the statute upon which Appellant was convicted was insufficient to meet the requirements set forth by this Court in *United States v. Carter*, 563 F.3d 325, and the Supreme Court in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005) and *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 581, 591 (2007). The district court's failure to state with specificity the reasons for its sentence and whether or not it considered defense counsel's statement of reasons for specific sentence was a procedural error.

Hernandez requests that we reverse and remand this case for resentencing.

The government contends that the district court committed no error and that Hernandez, in relying on *Carter*, fails to rec-

ognize that "*Carter* was a striking outside-the-Guidelines case and provides no guidance for a typical within-the-Guidelines sentencing such as this one." The government notes that the degree of explanation required for sentences within the Guidelines and the degree of explanation for sentences outside of the Guidelines differ and that a district court need not say much in a "typical" case where a Guidelines sentence is imposed. It argues that this is a case in which the judge clearly rested his decision upon the Sentencing Commission's own judgment that a Guidelines sentence was a proper sentence for this offense and that the district court's individualized assessment for Hernandez was legally sufficient, citing *Rita v. United States*, 551 U.S. 338, 358 (2007).

Hernandez concedes that our review is for plain error, as he acknowledges that he "failed to raise an objection to his sentence[ing] in the district court" and did not argue for a sentence different from the one he received. *See United States v. Lynn*, 592 F.3d 572, 580 (4th Cir. 2010).

The sentencing structure since *United States v. Booker*, 543 U.S. 220 (2005), when the Sentencing Guidelines became advisory, and *Rita*, 551 U.S. 338, and *Gall v. United States*, 552 U.S. 38 (2007), when the sentencing procedure was particularized, is now well established. In imposing a sentence, a court must comply with both procedural requirements and substantive standards.

As a matter of procedure, the district court must begin its sentencing proceeding "by correctly calculating the applicable Guidelines range. . . . [T]he Guidelines should be the starting point and the initial benchmark." *Gall*, 552 U.S. at 49. The court must thereafter give the parties the opportunity to argue for whatever sentence they deem appropriate and consider those arguments in light of all of the factors stated in 18 U.S.C. § 3553(a). *Id.* at 49-50. The court must then select a sentence within or outside the Guidelines range, based on an "individualized assessment" of the facts presented. *Id.* at 50.

And finally, the court must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id.*

In this case, Hernandez argues that his sentence was procedurally unreasonable because the district court did not "adequately explain the chosen sentence," citing *Gall* and *United States v. Carter*, 564 F.3d 325, 328-30 (4th Cir. 2009). *See also United States v. Engle*, 592 F.3d 495, 500 (4th Cir. 2010) (quoting *Gall*, 552 U.S. at 50).

In *Carter*, we held that a sentence was procedurally unreasonable when the district court failed to make an individualized assessment on the facts presented and to state the particular reasons for a sentence that varied downward from an advisory Guidelines range of 37 to 46 months' imprisonment to a sentence of probation and community service. Indeed, we noted that the requirement for an "adequate explanation" exists when imposing any sentence, whether above, below, or within the recommended Guidelines range. *Id.* at 330.

Although every sentence requires an adequate explanation, a more complete and detailed explanation of a sentence is required when departing from the advisory Sentencing Guidelines, and "'a major departure should be supported by a more significant justification than a minor one.'" *United States v. Mendoza-Mendoza*, 597 F.3d 212, 217 (4th Cir. 2010) (quoting *Gall*, 552 U.S. at 50). When imposing a sentence within the Guidelines, however, the explanation need not be elaborate or lengthy "because guidelines sentences themselves are in many ways tailored to the individual and reflect 'approximately two decades of close attention to federal sentencing policy.'" *United States v. Johnson*, 587 F.3d 625, 639 (4th Cir. 2009) (quoting *United States v. Johnson*, 445 F.3d 339, 342 (4th Cir. 2006)); *see also Carter*, 564 F.3d at 330 (quoting *Gall*, 552 U.S. at 50). Generally, an adequate explanation for a Guidelines sentence is provided when the district court

indicates that it is "rest[ing] [its] decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case, and that the judge has found that the case before him is typical." *Rita*, 551 U.S. at 357.

In *Rita*, the defendant requested a downward departure because of his physical condition, his vulnerability in prison, and his military record and long military service. After the sentencing judge heard counsel's argument, the judge concluded

> that he was unable to find that the [presentence] report's recommended sentencing guideline range is an inappropriate Guideline range for that, and under 3553 the public needs to be protected if it is true, and I must accept as true the jury verdict. . . . So the Court finds that it is appropriate to enter a sentence at the bottom of the Guidelines range, namely, a sentence of imprisonment for a period of 33 months.

*Rita*, 551 U.S. at 345 (internal quotation marks, alterations, and citations omitted). The Supreme Court stated, "In our view, given the straightforward, conceptually simple arguments before the judge, the judge's statement of reasons here, though brief, was legally sufficient." *Id.* at 356. The Court elaborated, "Where a matter is as conceptually simple as in the case at hand and the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively." *Id.* at 359.

We conclude that the holding in *Rita* governs the outcome here. In this case, the district court (1) determined that the defendant had no objections to the findings and calculations in the presentence report; (2) explicitly adopted the findings and calculations of the report; (3) heard argument from counsel, in which counsel advanced Hernandez's personal circum-

stances and urged the court to impose a sentence at the low end of the Guidelines range; (4) listened to the defendant's pleas for forgiveness; (5) stated that it considered the § 3553(a) factors; (6) concluded that a Guidelines sentence accomplished the purposes of § 3553(a); and (7) finally imposed the sentence requested by the defendant. The factual context of this case indeed makes it even more conceptually simple than that presented in *Rita*. In *Rita*, the defendant requested a downward departure, whereas in this case Hernandez accepted that his was the typical case and that a Guidelines sentence would be appropriate. The district court here selected the advisory Guidelines sentence as that which best served the § 3553(a) factors, thus finding the case typical and implicitly adopting the conclusion reached by the Sentencing Commission for such typical cases.

It is true that even though the *Rita* Court approved as legally sufficient the sentencing judge's explanation for giving a Guidelines sentence—that the Guidelines sentence was "appropriate"—the Court nonetheless allowed:

> We acknowledge that the judge might have said more. He might have added explicitly that he had heard and considered the evidence and argument; that (as no one before him denied) he thought the Commission in the Guidelines had determined a sentence that was proper in the mine run of roughly similar perjury cases; and that he found that Rita's personal circumstances here were simply not different enough to warrant a different sentence. But context and the record make clear that this, or similar, reasoning underlies the judge's conclusion.

*Rita*, 551 U.S. at 359. Likewise, the district court in this case might have said more, explicitly endorsing the Sentencing Commission's judgment that a Guidelines sentence is appropriate in a typical case and finding this case to be a typical one. But, as in *Rita*, we find the explanation given in the con-

text of this case adequate and therefore conclude that the sentence imposed was not procedurally unreasonable.

### III

Hernandez has also failed to show that the lack of a more detailed explanation "had a prejudicial effect on the sentence imposed." *Lynn*, 592 F.3d at 580.

In this case, Hernandez, when asked, made no objection to the presentence report, and he accepted as proper the recommended sentencing range of 262 to 326 months' imprisonment. After the district court adopted the presentence report's Guidelines calculation, the court invited counsel for Hernandez to present his argument for an appropriate sentence in this case. After counsel presented facts of Hernandez's circumstances and urged the district court to impose a sentence at the low end of the Guidelines range, the court granted the request and imposed a sentence at the low end of the Guidelines range. Throughout the process, Hernandez lodged no objection to the adequacy of the district court's explanation for the sentence imposed. Accordingly, we must now review his claim of error under the plain-error standard of review. *See Lynn*, 592 F.3d at 580.

We conclude that Hernandez has simply not demonstrated that the district court's explanation constituted plain error that affected his substantial rights. To demonstrate that a sentencing error affected his substantial rights, Hernandez would have to show that, absent the error, a different sentence might have been imposed. *Lynn*, 592 F.3d at 580 & n.5. This he has not done. As in one of the consolidated cases in *Lynn*, Hernandez urged the district court to impose a sentence within the Guidelines range, and the court did so. Applying *Lynn*, we therefore affirm. *See id.* at 580.

The judgment of the district court is accordingly

*AFFIRMED*.