**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4797**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

CARLOS VERVE-RODRIGUEZ,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever, III, District Judge. (5:08-cr-00389-D-1)

Submitted: July 15, 2010    Decided: July 26, 2010

Before TRAXLER, Chief Judge, and SHEDD and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

M. Gordon Widenhouse, Jr., RUDOLF, WIDENHOUSE & FIALKO, Chapel Hill, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Verve-Rodriguez, a federal inmate, pleaded guilty to two counts of assault with a dangerous weapon, see 18 U.S.C.A. § 113(a)(3), and was sentenced to 96 months' imprisonment. Verve-Rodriguez appeals, challenging the reasonableness of his sentence. We affirm.

When sentencing criminal defendants, district courts must correctly calculate the advisory sentence under the Sentencing Guidelines, allow the parties to argue for what they believe to be an appropriate sentence, consider those arguments in light of the factors set forth in 18 U.S.C.A. § 3553(a), and then select and sufficiently explain the appropriate sentence. See Gall v. United States, 552 U.S. 38, 49-50 (2007); United States v. Engle, 592 F.3d 495, 499-500 (4th Cir. 2010). "Although a comprehensive, detailed opinion is not necessarily required, the court's explanation must nonetheless be sufficient to satisfy the appellate court that the district court has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." Engle, 592 F.3d at 500 (internal quotation marks and alterations omitted)).

On appeal, Verve-Rodriguez contends that the district court's explanation was insufficient because the court did not specifically address certain issues raised by his attorney at the sentencing hearing -- Verve-Rodriguez's sincere remorse for

2

the crime and his desire to return to Mexico and stay there. We disagree.

After listening to the presentations of the government and the defense, the district court announced its sentence. The court stated that it had considered the parties' arguments and the § 3553(a) factors. See J.A. 48, 50. The court noted its overarching obligation to impose a sentence "sufficient but not greater than necessary to comply with the purposes set forth in the statute," J.A. 48, and the court then individually addressed many of the § 3553(a) factors and tied those factors to the facts of Verve-Rodriguez's case, see J.A. 48-50. Because the case was relatively straightforward and the district court imposed a within-Guidelines sentence, we believe the district court's explanation was sufficient. See Rita v. United States, 551 U.S. 338, 359 (2007) ("Where a matter is as conceptually simple as in the case at hand and the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively."); United States v. Hernandez, 603 F.3d 267, 271 (4th Cir. 2010) ("When imposing a sentence within the Guidelines, . . . the explanation need not be elaborate or lengthy because guidelines sentences themselves are in many ways tailored to the individual and reflect approximately two decades

3

of close attention to federal sentencing policy." (internal quotation marks omitted)).

Although the district court did not specifically mention Verve-Rodgriguez's remorse or his desire to return to Mexico, we do not believe the court was required to do so, given that counsel for Verve-Rodriguez did not argue against the imposition of a Guidelines sentence or argue that Verve-Rodgriguez's remorse or his desire to return to Mexico warranted a sentence at the low end of the advisory sentencing range. See United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) ("Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." (emphasis added; internal quotation marks omitted)).

Verve-Rodriguez also contends that the district court erred by relying on inaccurate facts presented by the government at the sentencing hearing -- the PSR stated that the first victim climbed off his bunk when Verve-Rodriguez entered his cell, see J.A. 64, while the government stated that the assault began when Verve-Rodriguez pulled the first of his victims off the victim's bunk, see J.A. 47. Because Verve-Rodriguez did not object to the government's characterization of the facts presented at the sentencing hearing, this claim must be reviewed for plain error

4

only. See, e.g., United States v. Knight, 606 F.3d 171, 177 (4th Cir. 2010).

Under plain error review, Verve-Rodriguez bears the burden of establishing that a plain error occurred and that his substantial rights were affected by the error. See id. A sentencing error affects a defendant's substantial rights if there is a non-speculative basis in the record for concluding that the court would have imposed a lower sentence but for the error. See id. at 180 (explaining that under plain-error review, "there must be a nonspeculative basis in the record to conclude that the district court would have imposed a lower sentence but for the error"); Hernandez, 603 F.3d at 273 ("To demonstrate that a sentencing error affected his substantial rights, Hernandez would have to show that, absent the error, a different sentence might have been imposed.").

The attack was vicious whether the victim climbed off his bunk voluntarily or was pulled off the bunk by Verve-Rodriguez, and there is nothing in the record suggesting that the district court when imposing sentence placed any significance on how the attack began. Thus, even assuming that the other elements of plain-error review can be satisfied, there is no non-speculative basis in the record for concluding that the district court would have imposed a lower sentence but for the error. Verve-

5

Rodriguez therefore cannot demonstrate that his substantial rights were affected.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED