**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4617**

———————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

      v.

RUDY AMILCAR MARROQUIN-ZUNIGA, a/k/a Rudy Amilicar
Marroquin-Zuniga, a/k/a Rudy Marroquin, a/k/a Ilder Martinez
Catreras, a/k/a Rudi Marroquin, a/k/a Rudy Amilca Marroqui
Zuniga, a/k/a Amilcar Marroquin, a/k/a Ilder Martinez-
Cortreras, a/k/a Amilicar Marrorquin, a/k/a Acero Marroquin
Gonzalez, a/k/a Amilcar Martinez Marroquin,

              Defendant – Appellant.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. T. S. Ellis, III, Senior
District Judge. (1:10-cr-00021-TSE-1)

———————

Submitted:  March 29, 2011      Decided:  April 18, 2011

———————

Before NIEMEYER, AGEE, and DAVIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael S. Nachmanoff, Federal Public Defender, Geremy Kamens,
Assistant Federal Public Defender, Caroline S. Platt, Research
and Writing Attorney, Alexandria, Virginia, for Appellant.  Neil
H. MacBride, United States Attorney, Elizabeth A. Gerlach,
Special Assistant United States Attorney, Alexandria, Virginia,
for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rudy Amilcar Marroquin-Zuniga, a citizen of Guatemala, appeals his sentence at the low end of his advisory guideline range to eighteen months in prison after pleading guilty to unlawful reentry of a deported alien following an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). On appeal, Marroquin-Zuniga contends that his sentence is both procedurally and substantively unreasonable. We affirm.

We review a sentence imposed by the district court under a deferential abuse-of-discretion standard. See Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. On appeal, we presume that a sentence within a properly calculated guideline range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

In sentencing, the district court should first calculate the guideline range and give the parties an opportunity to argue for whatever sentence they deem

appropriate. <u>United States v. Pauley</u>, 511 F.3d 468, 473 (4th Cir. 2007). The district court should then consider the relevant § 3553(a) factors to determine whether they support the sentence requested by either party. <u>Id.</u> When rendering a sentence, the district court must make and place on the record an individualized assessment based on the particular facts of the case before the court. <u>Carter</u>, 564 F.3d at 328, 330. "Such individualized treatment is necessary to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." <u>Id.</u> at 328 (internal quotation marks and citations omitted).

In explaining the chosen sentence, the "sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority," but when the judge decides simply to apply the guidelines, "doing so will not necessarily require lengthy explanation." <u>Rita v. United States</u>, 551 U.S. 338, 356 (2007). This is "because guidelines sentences themselves are in many ways tailored to the individual and reflect approximately two decades of close attention to federal sentencing policy." <u>United States v. Hernandez</u>, 603 F.3d 267, 271 (4th Cir. 2010) (internal quotation marks and citations omitted). While a district court

4

must consider the statutory factors and explain its sentence, it need not explicitly reference § 3553(a) or discuss every factor on the record, particularly when the district court imposes a sentence within a properly calculated guideline range. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

Marroquin-Zuniga contends his sentence is procedurally unreasonable because the district court did not address one of the disparity arguments he made in writing before the sentencing hearing. While the district court noted it had counsel's brief, asked about and then addressed the disparity argument he made at the hearing, and gave him several opportunities to make whatever argument he wanted, he did not address this argument at the hearing. In any event, having reviewed the record, we conclude that the district court adequately explained its decision to sentence Marroquin-Zuniga at the low end of his guideline range.

He next contends that his sentence at the low end of his guideline range is unduly harsh and therefore substantively unreasonable for three reasons. First, while he concedes his offense level was correctly enhanced under the guidelines based on his prior aggravated felony, he contends the enhancement is not warranted simply because he received a suspended sentence for the aggravated felony of 365 days rather than 364 days. Second, he argues his sentence is also unwarranted when compared to sentences of offenders in fast-track districts. Finally, he

5

contends that since the longest sentence he ever received before was only seven months, a lower sentence would have been sufficient to deter him from returning to the United States. Taking into account the totality of the circumstances, we conclude that Marroquin-Zuniga has not rebutted the presumption that his sentence is reasonable, and the district court did not abuse its discretion in sentencing him to eighteen months.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED