**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4210**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

RICKY JEROME LEWIS,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:08-cr-00061-RLV-DCK-1)

Submitted: August 31, 2011        Decided: October 12, 2011

Before KING, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

D. Baker McIntyre III, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Melissa L. Rikard, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricky Jerome Lewis appeals his aggregate 180-month sentence following his jury conviction of one count of possession with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006) ("Count One"); one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006) ("Count Two"); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006) ("Count Three"). On appeal, Lewis argues that the district court abused its discretion and violated Federal Rule of Evidence 403 in admitting photographs of him with large sums of cash, and plainly erred in applying an enhanced statutory minimum on Count One. Finding no reversible error, we affirm.

We review evidentiary rulings for abuse of discretion. United States v. Basham, 561 F.3d 302, 325 (4th Cir. 2009). A district court abuses its discretion when it acts arbitrarily or irrationally in admitting evidence. United States v. Weaver, 282 F.3d 302, 313 (4th Cir. 2002). Rule 403 provides that "relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Under Rule 403, "damage to a defendant's case is not a basis for excluding probative evidence" because "[e]vidence that is highly probative invariably will be prejudicial to the defense."

2

United States v. Grimmond, 137 F.3d 823, 833 (4th Cir. 1998). Evidence is unfairly prejudicial for purposes of Rule 403 "only in those instances where the trial judge believes that there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence." United States v. Powers, 59 F.3d 1460, 1467 (4th Cir. 1995) (internal quotation marks omitted).

Here, as the district court noted, the photographs were found on the walls of the house in which Lewis was staying and tended to show that Lewis had a strong connection to the house, making it more likely that the evidence found on the property belonged to him. Further, the photographs "could be rationally viewed by the jury as evidence of [Lewis's] involvement in a drug distribution scheme." United States v. Young, 609 F.3d 348, 355 (4th Cir. 2010). Because we conclude that the photographs would not excite the emotions of the jury to irrational behavior, we hold that the district court did not abuse its discretion in finding that their probative value was not outweighed by the danger of unfair prejudice.

As Lewis concedes, because he did not challenge the application of the enhanced statutory minimum before the district court, his claim is reviewed for plain error. United States v. Hargrove, 625 F.3d 170, 184 (4th Cir. 2010). To

3

establish plain error, Lewis must demonstrate that (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. See United States v. Olano, 507 U.S. 725, 732 (1993). "To demonstrate that a sentencing error affected his substantial rights, [Lewis] would have to show that, absent the error, a different sentence might have been imposed." United States v. Hernandez, 603 F.3d 267, 273 (4th Cir. 2010).

Under 21 U.S.C. §§ 841(b)(1)(B), 851 (2006), upon an information filed by the Government, a defendant with a prior conviction for a felony drug offense is subject to an enhanced statutory minimum of ten years. A felony for purposes of § 841 is defined as a crime "punishable by imprisonment for more than one year." 21 U.S.C. § 802(44).

Lewis was sentenced consistent with our decision in United States v. Harp, 406 F.3d 242, 246-47 (4th Cir. 2005). Thus, because under North Carolina law the maximum aggravated sentence that could be imposed for felony possession of cocaine upon a defendant with the worst possible history exceeded one year, Lewis qualified as a felon for purposes of § 841. We recently overruled Harp with our en banc decision in United States v. Simmons, No. 08-4475, 2011 WL 3607266, at *3 (4th Cir. Aug. 17, 2011), holding that a North Carolina offense may not be classified as a felony based upon the maximum aggravated sentence that could be imposed upon a repeat offender if the

4

individual defendant was not eligible for such a sentence. Id. at *8.

Because the district court sentenced Lewis in accordance with Harp, we hold that the district court erred and the error was plain.[*] However, although sentencing Lewis in accordance with Simmons would have resulted in a lower statutory mandatory minimum on Count One, it would not have changed his aggregate sentence. Lewis was sentenced to a concurrent 120-month sentence on Count Three and a consecutive sixty months on Count Two. These sentences are wholly unaffected by Simmons. Thus, even if the district court had applied only a five-year statutory minimum on Count One, Lewis's total sentence would have remained 180 months. Accordingly, because the error did not affect Lewis's substantial rights, the district court did not commit plain error.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] We of course do not fault the Government or the district court for reliance upon, and application of, unambiguous circuit authority at the time of Lewis's sentencing.

5