**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5089**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

MARK LOMAX,

    Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William M. Nickerson, Senior District Judge.  (1:10-cr-00145-WMN-1)

Submitted:  August 23, 2012   Decided:  August 30, 2012

Before NIEMEYER, KING, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Lauren E. Case, Staff Attorney, Greenbelt, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Debra L. Dwyer, Assistant United States Attorney, Gerald A. A. Collins, Special Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Mark Lomax of three counts of interference with commerce by robbery, in violation of the Hobbs Act, 18 U.S.C. § 1951 (2006). The district court sentenced Lomax to 240 months' imprisonment. Lomax timely appealed, challenging the sufficiency of the evidence supporting his convictions, two supplemental jury instructions given by the district court, and the procedural reasonableness of his sentence. Finding no error, we affirm.

Lomax first challenges the sufficiency of the evidence supporting his convictions. We review challenges to sufficiency of evidence de novo. United States v. Roe, 606 F.3d 180, 186 (4th Cir.), cert. denied, 131 S. Ct. 617 (2010). We are obliged to sustain a guilty verdict that, viewing the evidence in the light most favorable to the prosecution, is supported by substantial evidence. United States v. Osborne, 514 F.3d 377, 385 (4th Cir. 2008). Substantial evidence in the context of a criminal action is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

A defendant bringing a sufficiency challenge bears a "heavy burden." United States v. Hoyte, 51 F.3d 1239, 1245 (4th Cir. 1995). In evaluating the sufficiency of evidence, we do

not review the credibility of witnesses, and we assume the jury resolved all contradictions in favor of the Government. United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007). "Reversal for insufficient evidence is reserved for the rare case 'where the prosecution's failure is clear.'" United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (quoting Burks v. United States, 437 U.S. 1, 17 (1978)).

The Hobbs Act makes it a crime to commit robbery or extortion to obstruct, delay, or affect commerce or the movement of any commodity in commerce. "A Hobbs Act violation requires proof of two elements: (1) the underlying robbery or extortion crime, and (2) an effect on interstate commerce." United States v. Williams, 342 F.3d 350, 353 (4th Cir. 2003). We have reviewed the record and conclude that the evidence was sufficient to support Lomax's convictions. To the extent Lomax requests that we overrule the minimal effects test regarding the impact on interstate commerce, we reject his request. United States v. Najjar, 300 F.3d 466, 486 n.8 (4th Cir. 2002) (a panel of this court cannot overrule a decision of a prior panel).

Lomax next asserts that the district court erred in giving two supplemental instructions to the jury. The initial jury instructions included a redacted version of § 1951(a), with references to extortion and the potential punishment for violation of the statute removed. After the jury twice

3

requested a complete copy of the statute, the district court gave the jury a copy of § 1951 with only the potential term of imprisonment redacted. The district court also provided the jury with a definition of "interstate commerce" from Black's Law Dictionary after the jury asked for a definition of the term three times. Lomax argues that these two supplemental instructions were unfairly prejudicial.

"[T]he necessity, extent, and character of any supplemental instructions to the jury are matters within the sound discretion of the district court" and should be reviewed for an abuse of discretion. United States v. Grossman, 400 F.3d 212, 219 n.2 (4th Cir. 2005) (internal quotation marks and citation omitted). We review the decision to give an instruction and the instruction itself for abuse of discretion. Foster, 507 F.3d at 244. When evaluating the adequacy of supplemental jury instructions given in response to a question asked by the jury during deliberations, we consider "whether the court addressed the jury's inquiry fairly and accurately without creating prejudice." United States v. Martinez, 136 F.3d 972, 977 (4th Cir. 1998). Because we conclude that the district court's supplemental instructions addressed the jury's inquiries without prejudicing Lomax, we find that the district court did not abuse its discretion.

4

Lomax also challenges his sentence as procedurally unreasonable. We review a sentence for reasonableness under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41 (2007). A sentence is procedurally reasonable if, among other requirements, the court sufficiently explains its reasons for imposing it. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). The district court must provide "an individualized assessment based on the particular facts of the case before it." Id. at 330 (internal quotation marks omitted). While every sentence requires an adequate explanation, when the district court imposes a sentence within the Guidelines range, "the explanation need not be elaborate or lengthy." United States v. Hernandez, 603 F.3d 267, 271 (4th Cir. 2010).

Lomax argues that due to his turbulent childhood, substance abuse, and current medical status, a variance below the Guidelines was appropriate. The district court declined to vary downward. Lomax contends that the district court did not provide an adequate explanation for its refusal. The "individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit 'meaningful appellate review.'" Carter, 564 F.3d at 330 (quoting Gall, 552 U.S. at 51). The district court considered the parties' arguments, including

Lomax's contention that his childhood, history of substance abuse, and medical status warranted a variance. It explained that Lomax's crimes were a danger to the community and that his medical status did not warrant a departure from the suggested Guidelines range. Our review of the record leads us to conclude that the district court provided an adequate explanation of Lomax's sentence and did not abuse its discretion in imposing its chosen sentence.

Accordingly, we affirm Lomax's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>