**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4369**

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

 v.

ROBIN HUSSEY GARNER,

 Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:11-cr-00308-TDS-1)

Submitted: November 20, 2012      Decided: November 26, 2012

Before TRAXLER, Chief Judge, and SHEDD and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Henderson Hill, Executive Director, Thomas N. Cochran, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Ripley Rand, Acting United States Attorney, Robert M. Hamilton, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robin Hussey Garner pled guilty, pursuant to a written plea agreement, to three counts of bank fraud and one count of making false entries, 18 U.S.C. §§ 1005, 1344(2) (2006). She was sentenced to forty-three months of imprisonment and ordered to pay restitution in the amount of $267,344. Garner timely appealed.

Garner's only claim on appeal is that the district court committed procedural error at sentencing by failing to address her arguments, both before and during the sentencing hearing, for a below-guidelines sentence based on her health issues. We affirm.

We review Garner's sentence for reasonableness under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41 (2007). A sentence is procedurally reasonable if, among other things, the court sufficiently explains its reasons for imposing it. Id. at 49-51. While every sentence requires an adequate explanation, when the district court imposes a sentence within the Guidelines range, "the explanation need not be elaborate or lengthy." United States v. Hernandez, 603 F.3d 267, 271 (4th Cir. 2010).

Our review of the record leads us to conclude that the district court provided an adequate explanation of Garner's sentence and therefore did not commit procedural error by

2

imposing its chosen sentence. The court considered the particularized facts of Garner's case and determined that the significant amount of money involved, Garner's abuse of a position of trust, and the duration of the fraudulent activity warranted the sentence imposed. Furthermore, the court adopted the presentence report which considered Garner's physical and mental condition, and specifically stated that it had taken into account all the 18 U.S.C. § 3553(a) (2006) factors in determining a sentence. Because Garner's sentence was within the advisory Guidelines range, the district court's explanation was more than sufficient. See Hernandez, 603 F.3d at 271.

Accordingly, we affirm Garner's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3