**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4667**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES LEE JACKSON,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Senior District Judge. (1:13-cr-00477-JAB-1)

Submitted: February 11, 2015          Decided: March 3, 2015

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, for Appellant. Ripley Rand, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Lee Jackson pled guilty to interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a) (2012). The district court calculated Jackson's Guidelines range under the U.S. Sentencing Guidelines Manual (2013) at 84 to 105 months' imprisonment and sentenced him to 94 months' imprisonment. On appeal, Jackson challenges this sentence. We affirm.

We review Jackson's sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence based on clearly erroneous facts, and sufficiently explained the selected sentence. Id. at 49–51. "When rendering a sentence, the district court must make an individualized assessment based on the facts presented," United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted), and must "adequately explain the chosen sentence to allow for meaningful appellate

2

review and to promote the perception of fair sentencing." Gall, 552 U.S. at 50. "When imposing a sentence within the Guidelines, however, the [district court's] explanation need not be elaborate or lengthy because [G]uidelines sentences themselves are in many ways tailored to the individual and reflect approximately two decades of close attention to federal sentencing policy." United States v. Hernandez, 603 F.3d 267, 271 (4th Cir. 2010) (internal quotation marks omitted).

If the sentence is free of "significant procedural error," we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. If the sentence is within or below the properly calculated Guidelines range, we apply a presumption on appeal that the sentence is substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." Id.

Jackson argues that his sentence is procedurally unreasonable because the district court failed to address his arguments for an 84-month sentence. Upon review of the record, we conclude that this contention is without merit. At sentencing, Jackson advanced his substance abuse history, the nature of his offense conduct, his acceptance of responsibility,

3

the cost of his criminal conduct, and the summary assertions both that imprisonment was "not the answer" and that an 84-month sentence would serve the objectives of sentencing without explaining why these factors merited an 84-month sentence. Accordingly, the district court's failure here to address factors other than Jackson's substance abuse and its contribution to his criminal behavior does not amount to reversible procedural error. Cf. Carter, 564 F.3d at 328 ("Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." (internal quotation marks omitted)).

Jackson also argues that his sentence is substantively unreasonable because it is greater than necessary to achieve the goals of sentencing. We reject this argument because it essentially asks this court to substitute its judgment for that of the district court. While this court may have weighed the § 3553(a) factors differently had it imposed sentence in the first instance, we defer to the district court's decision that a 94-month sentence achieved the purposes of sentencing in Jackson's case. See Gall, 552 U.S. at 51 (explaining that appellate courts "must give due deference to the district court's decision that the § 3553(a) factors, on a whole,

4

justify" the sentence imposed); United States v. Rivera-Santana, 668 F.3d 95, 105 (4th Cir. 2012) (stating it was within district court's discretion to accord more weight to a host of aggravating factors in defendant's case and decide that the sentence imposed would serve the § 3553 factors on the whole). In light of the "extremely broad" discretion afforded to a district court in determining the weight to be given each of the § 3553(a) factors in imposing sentence, United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011), Jackson fails to overcome the presumption that his within-Guidelines sentence is substantively reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED