**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4803**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SUZANNE DELYON,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:14-cr-00032-CMH-1)

Submitted:  May 20, 2015        Decided:  August 14, 2015

Before MOTZ, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Alan H. Yamamoto, Alexandria, Virginia, for Appellant.  Dana J. Boente, United States Attorney, Maya D. Song, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Suzanne Delyon appeals her jury conviction and 12-month-and-one-day sentence for one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (2012); and six counts of wire fraud, in violation of 18 U.S.C. §§ 2, 1343 (2012). Delyon's crimes stemmed from a 2009 conspiracy to defraud into which she entered with her co-defendant, Byoung Kyung Kim.* During the conspiracy, Delyon and Kim agreed to overstate the payroll expenses of Kim's business, EE Mart FC, LLC ("EE Mart"), to Travelers Property Casualty Company of America ("Travelers"), in order to secure a larger insurance payout for a fire that destroyed EE Mart.

Delyon asserts that the Government's evidence was insufficient to establish that she and Kim conspired to submit to Travelers the names of fake employees, or that she intended to defraud Travelers when she submitted to it fraudulent payroll lists and IRS tax forms. Delyon also asserts that the district court erred when it calculated the amount of restitution she owed Travelers, and also overstated the loss amount used to

---

* Kim and Delyon were tried together and both convicted and sentenced identically. Kim passed away after he filed a related appeal, and we granted counsel's motion to have the appeal dismissed and the case remanded to the district court with instructions to vacate the judgment of conviction.

calculate her Sentencing Guidelines range. Finding no error, we affirm.

A defendant challenging the sufficiency of the evidence faces "a heavy burden[.]" United States v. McLean, 715 F.3d 129, 137 (4th Cir. 2013) (internal quotation marks omitted). The jury verdict must be sustained if "there is substantial evidence in the record, when viewed in the light most favorable to the government, to support the conviction." United States v. Jaensch, 665 F.3d 83, 93 (4th Cir. 2011) (internal quotation marks omitted). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks and brackets omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." United States v. Ashley, 606 F.3d 135, 138 (4th Cir. 2010) (internal quotation marks omitted). We have reviewed the record and have considered Delyon's arguments and find that viewed in the light most favorable to the Government, substantial evidence exists to support the jury's verdict.

We review Delyon's sentence for abuse of discretion. United States v. Cobler, 748 F.3d 570, 581 (4th Cir.), cert. denied, 135 S. Ct. 229 (2014). "The first step in our review of a sentence mandates that we ensure that the district court

3

committed no significant procedural error, such as improperly calculating the Guidelines range or selecting a sentence based on clearly erroneous facts." United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010) (internal quotation marks and alterations omitted). Thus, to avoid procedural error, a sentencing court must first correctly calculate the applicable Guidelines range. See United States v. Hernandez, 603 F.3d 267, 270 (4th Cir. 2010). "In assessing whether a sentencing court has properly applied the Guidelines, we review factual findings for clear error and legal conclusions de novo." Llamas, 599 F.3d at 387.

Accordingly, the loss attributable to fraud for purposes of calculating a defendant's Guidelines range is a factual finding that is reviewed for clear error. United States v. Allmendinger, 706 F.3d 330, 341 (4th Cir. 2013). It is important to note that in reviewing a district court's loss calculation, the amount of loss attributed to a defendant need not be determined with precision. Rather, a district court "need only make a reasonable estimate of the loss, given the available information." United States v. Miller, 316 F.3d 495, 503 (4th Cir. 2003). Indeed, 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2014) provides that "[t]he court of appeals shall . . . accept the findings of fact of the district court unless they

4

are clearly erroneous and . . . shall give due deference to the district court's application of the guidelines to the facts."

In addition, the Mandatory Victims Restitution Act of 1996 requires the district court to order restitution for all losses that result from a criminal scheme or conspiracy. 18 U.S.C.A. § 3663A(a)(1), (c)(1) (West 2000 & Supp. 2014). This Court "review[s] the district court's restitution award for an abuse of discretion." United States v. Catone, 769 F.3d 866, 875 (4th Cir. 2014).

Delyon asserts that the district court's restitution calculation, as well as the loss amount with which she was attributed for purposes of her Guidelines range calculation, should be significantly reduced. Despite Delyon's arguments, the district court concluded that the special agent who testified at Delyon's sentencing was "clear in his testimony of the amount that was requested and paid by Travelers and not paid out in legitimate expenses." Because the district court reached this conclusion after a hearing, and in the absence of evidence to rebut the Government's evidence of loss, we defer to the district court's decision to credit the Government's loss analysis. See, e.g., United States v. Thompson, 554 F.3d 450, 452 (4th Cir. 2009) ("[W]hen a district court's factual finding is based upon assessments of witness credibility, such finding is deserving of the highest degree of appellate deference.")

5

(internal quotation marks omitted). Accordingly, we discern no reversible error in the district court's loss calculation or restitution order.

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED