**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4474**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

 v.

TONY LEE DRUM,

    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:14-cr-00232-MOC-1)

Submitted: March 14, 2016    Decided: March 24, 2016

Before KING, WYNN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Randolph Marshall Lee, Charlotte, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tony Lee Drum pled guilty to two counts of harboring, transporting, providing, obtaining, and maintaining a person who had not attained the age of 18 years, knowing that the person would be caused to engage in a commercial sex act, in violation of 18 U.S.C. § 1591(a)(1), (b)(2) (2012), and two counts of transporting an individual who had not attained the age of 18 years in interstate commerce with the intent that the individual engage in prostitution, in violation of 18 U.S.C. § 2423(a) (2012). A presentence report (PSR) calculated Drum's Guidelines range under the U.S. Sentencing Guidelines Manual (2014) at 188 to 235 months' imprisonment. Drum objected to the PSR's assignment of enhancements under USSG §§ 2G1.3(b)(2)(B), (4)(A), and 3A1.1(b)(1). After conferring with Drum, however, his counsel stated at sentencing that Drum would "abandon" those objections and that the parties were making a joint recommendation to the district court for a sentence of 188 months' imprisonment. The district court sentenced Drum to four concurrent terms of 188 months' imprisonment and supervised release for a term of life.

On appeal, Drum challenges his sentence, arguing that the waiver of his right to object, or the withdrawal of his objections, was not knowing and voluntary because the district court did not inquire whether he personally wished to withdraw

his objections. He thus asserts that, as a consequence, this court should vacate his sentence.

We review de novo the validity of a defendant's waiver of objections to a PSR, examining the totality of the circumstances to determine whether the defendant's waiver was knowing and voluntary. United States v. Robinson, 744 F.3d 293, 298-99 (4th Cir. 2014). After review of the record and the parties' briefs, we conclude that, even if Drum did not validly waive his challenge to the application of the Guidelines enhancements, he fails to establish any plain error warranting vacatur of his sentence. See United States v. Hargrove, 625 F.3d 170, 183-84 (4th Cir. 2010) (holding that, where specific allegation of sentencing error is not made below, review on appeal is for plain error); see also Henderson v. United States, 133 S. Ct. 1121, 1126-27, 1130-31 (2013) (setting forth elements of plain error standard). Drum does not argue that the district court erred in applying the enhancements under USSG §§ 2G1.3(b)(2)(B), (4)(A), and 3A1.1(b)(1). He further has not asserted that any error in the application of those enhancements affected his substantial rights. See United States v. Hernandez, 603 F.3d 267, 273 (4th Cir. 2010) ("To demonstrate that a sentencing error affected his substantial rights, Hernandez would have to show that, absent the error, a different sentence might have been imposed."). He also presents no argument challenging the

imposition by the district court of the lifetime term of supervised release.

Because Drum fails to establish plain error by the district court, the predicate to his claim on appeal that his sentence should be vacated is not established. We therefore reject the claim and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>