**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4458**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LUIS MARCEA GARCIA, a/k/a Luis Enrique Martel-Mancia, a/k/a Luis Garcia,
a/k/a Luis Marrtel, a/k/a Luis Marttel, a/k/a Luis Matel,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at
Alexandria.  Claude M. Hilton, Senior District Judge.  (1:18-cr-00428-CMH-1)

Submitted: January 23, 2020                           Decided: February 25, 2020

Before KEENAN and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Rahul
Sharma, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC
DEFENDER, Alexandria, Virginia, for Appellant.  G. Zachary Terwilliger, United States
Attorney, Rachael C. Tucker, Special Assistant United States Attorney, OFFICE OF THE
UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Luis Marcea Garcia pled guilty to illegal reentry by a felon, in violation of 8 U.S.C. § 1326(a), (b)(1) (2018). Garcia waived the preparation of the presentence report (PSR) pursuant to Fed. R. Crim. P. 32(c)(1)(A), and, immediately following Garcia's guilty plea, the district court sentenced Garcia to 12 months' imprisonment followed by a 3-year term of supervised release. Garcia asserts on appeal that the district court's imposition of the term of supervised release was procedurally unreasonable. We affirm.

Garcia concedes that he did not raise the issue regarding his supervised release before the district court. "When a criminal defendant presents a sentencing issue that was not properly preserved in the district court, we review the issue for plain error only." *United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015). "To satisfy plain error review, the defendant must establish that: (1) there is a sentencing error; (2) the error is plain; and (3) the error affects his substantial rights." *Id.* "To demonstrate that a sentencing error affected his substantial rights, [a defendant must] show that, absent the error, a different sentence might have been imposed." *United States v. Hernandez*, 603 F.3d 267, 273 (4th Cir. 2010). "If the three-part plain error test is satisfied, we must decide whether to cure the error, and should not do so unless the error 'seriously affects the fairness, integrity or public reputation of judicial proceedings." *Aplicano-Oyuela*, 792 F.3d at 422 (internal quotation marks omitted).

We review a defendant's sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at

2

51. In assessing procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, afforded the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2018) factors, and sufficiently explained the selected sentence. *Id.* at 49-51.

In considering whether to impose a term of supervised release when supervised release is not required by statute, the district court must consider the nature and circumstances of the offense, the defendant's history and characteristics, the need for deterrence, the need to protect the public, and pertinent policy statements of the Sentencing Commission. *See* 18 U.S.C. § 3583(c) (2018). The Sentencing Guidelines Manual provides that, if supervised release is not required by statute and the defendant is an alien facing post-incarceration removal, a sentencing court ordinarily should not impose a term of supervised release. U.S. Sentencing Guidelines Manual § 5D1.1(c) (2018). The application notes to § 5D1.1 provide, however, that the district court should "consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." USSG § 5D1.1 cmt. n.5.

In *Aplicano-Oyuela* we held that, even if a district court does not specifically explain its reasoning for imposing a term of supervised release on a defendant facing removal, the supervised release term is procedurally reasonable "where a sentencing court (1) is aware of Guidelines section 5D1.1(c); (2) considers a defendant's specific circumstances and the § 3553(a) factors; and (3) determines that additional deterrence is needed." 792 F.3d at 424. Although the district court did not mention § 5D1.1(c), and did not have a presentence

3

report upon which to rely, the court addressed the pertinent § 3553(a) factors when imposing sentence. Garcia has not established that the district court would have imposed a different sentence if it had expressly considered § 5D1.1(c), so he has not shown plain error.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*