**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-4690**

---

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

v.

FERNANDO ISMAEL OVIEDO,

> Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:22-cr-00025-WO-1)

---

Submitted:  June 25, 2024                                    Decided:  July 31, 2024

---

Before AGEE and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Sandra Payne Hagood, LAW OFFICE OF SANDRA PAYNE HAGOOD, Chapel Hill, North Carolina, for Appellant. Sandra J. Hairston, United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fernando Ismael Oviedo appeals the 144-month sentence imposed by the district court following his guilty plea to a single count of conspiracy with intent to distribute one kilogram or more of heroin, 500 grams or more of methamphetamine, and 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), (B); 846.  On appeal, Oviedo contends that the district court plainly erred in calculating his advisory Sentencing Guidelines range by applying a two-level enhancement under U.S. Sentencing Guidelines Manual § 2D1.1(b)(12) (2021), for maintaining a premises for the purpose of manufacturing or distributing a controlled substance.  The application of that enhancement was premised on uncontested evidence that Oviedo stored about a kilogram of heroin and about a kilogram of cocaine in the attic of a restaurant that he owned called Appittos Pizza. Because we are satisfied that any error in the application of the drug premises enhancement was not plain, we affirm.

Given that Oviedo did not object to the application of the drug premises enhancement in the district court, we review the application of the enhancement for plain error only.[1]  To succeed on plain-error review, Oviedo "must show (1) that the district court erred, (2) that the error was plain, and (3) that the error affected his substantial rights." *United States v. Cohen*, 888 F.3d 667, 685 (4th Cir. 2018).  "A plain error is said to be an

---

[1] We reject the Government's contention that Oviedo waived his challenge to the application of the drug premises enhancement.  *See United States v. Robinson*, 744 F.3d 293, 298 (4th Cir. 2014) (explaining difference between waived issue, which cannot be reviewed on appeal, and forfeited issue, which can be reviewed for plain error on appeal).

error so clear or obvious that it jumps off the page." *See United States v. Oceanic Illsabe Ltd.*, 889 F.3d 178, 200 (4th Cir. 2018) (internal quotation marks omitted). And a sentencing error affects a defendant's substantial rights if, "absent the error, a different sentence might have been imposed." *United States v. Hernandez*, 603 F.3d 267, 273 (4th Cir. 2010). Even if Oviedo satisfies those three requirements, "we possess discretion on whether to recognize the error" and will not "do so unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Cohen*, 888 F.3d at 685 (internal quotation marks omitted).

Section 2D1.1(b)(12) of the Sentencing Guidelines contains the drug premises enhancement, and it provides that a defendant's offense level must be increased by two if he "maintained a premises for the purpose of manufacturing or distributing a controlled substance." USSG § 2D1.1(b)(12). The commentary to USSG § 2D1.1 explains that the drug premises enhancement "applies to a defendant who knowingly maintains a premises (i.e., a building, room, or enclosure) for the purpose of manufacturing or distributing a controlled substance, including storage of a controlled substance for the purpose of distribution." USSG § 2D1.1 cmt. n.17. The commentary also provides:

> Manufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses for the premises. In making this determination, the court should consider how frequently the premises was used by the defendant for manufacturing or distributing a controlled substance and how frequently the premises was used by the defendant for lawful purposes.

3

*Id.* We have recognized that the "application of the [drug] premises enhancement is a fact-specific inquiry that considers the totality of the circumstances." *United States v. Barnett*, 48 F.4th 216, 221 (4th Cir. 2022) (cleaned up), *cert. denied*, 143 S. Ct. 823 (2023).

Having thoroughly reviewed the record, we are satisfied that the district court did not commit a clear or obvious error in applying the drug premises enhancement. As the commentary to USSG § 2D1.1 explains, the enhancement can apply when a premises is used simply to store drugs for distribution, which is what occurred in Oviedo's case. As for the frequency of Oviedo's use of his restaurant for that illicit activity, Oviedo apparently used the premises to store drugs for only a brief period, but he was also part of the drug conspiracy for only a short time before his arrest. It also bears mentioning that Oviedo's storage of drugs at the restaurant was known to at least one coconspirator, supporting an inference that one of the primary or principal uses of the restaurant was for an illicit purpose.

While Oviedo identifies decisions from this court and other federal appellate courts relying on more than the mere storage of drugs to support the application of the drug premises enhancement, we have emphasized that "[a] finding that certain facts are sufficient to support the . . . enhancement in one case . . . does not mean those facts are necessary in every case."[2] *Barnett*, 48 F.4th at 221. Moreover, at least one federal

---

[2] Oviedo does not dispute that he "maintain[ed]" the restaurant. *See* USSG § 2D1.1 cmt. n.17 ("Among the factors the court should consider in determining whether the defendant 'maintained' the premises are (A) whether the defendant held a possessory interest in (e.g., owned or rented) the premises and (B) the extent to which the defendant controlled access to, or activities at, the premises.").

4

appellate court has held that "even storage of large amounts of drugs alone can justify application of the drug premises enhancement." *United States v. Zamudio*, 18 F.4th 557, 563 (7th Cir. 2021); *see United States v. Taylor*, 85 F.4th 386, 389-90 (6th Cir. 2023) (applying drug premises enhancement where defendant stored kilograms of cocaine and fentanyl at romantic partner's residence). Here, Oviedo stored a kilogram of heroin and a kilogram of cocaine in the restaurant, which together constitute a large quantity of drugs. *See United States v. Rosales*, 990 F.3d 989, 995 (6th Cir. 2021) (recognizing that one kilogram of a controlled substance is a "large quantit[y]").

At bottom, we conclude that the commentary to USSG § 2D1.1 and some persuasive authority at least arguably supports the application of the drug premises enhancement here. Oviedo thus has not met his burden to show that any error in applying the enhancement was clear or obvious. *See United States v. Carthorne*, 726 F.3d 503, 516 (4th Cir. 2013) (explaining that, when this court has yet to resolve a legal issue, "a district court does not commit plain error by following the reasoning of another circuit").

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*