**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 12-4311**

―――――――――

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOHN DEE DUGGER,

        Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Chief District Judge.  (1:11-cr-00234-JAB-3)

―――――――――

Submitted:  October 5, 2012      Decided:  December 13, 2012

―――――――――

Before MOTZ, KING, and DUNCAN, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Senior Litigator, Winston-Salem, North Carolina, for Appellant. Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Dee Dugger pled guilty, pursuant to a plea agreement, to one count of conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(A) (West 2006 & Supp. 2012) and 21 U.S.C. § 846 (2006). The district court calculated Dugger's Guidelines range under the U.S. Sentencing Guidelines Manual ("USSG") (2011) at 210 to 262 months' imprisonment and, after granting a downward variance, sentenced him to 157 months' imprisonment. On appeal, Dugger's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court abused its discretion in imposing sentence. Dugger was advised of his right to file a pro se supplemental brief, but he has not done so. The Government declined to file a brief. We affirm.

This court reviews Dugger's sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an

2

opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2006) factors, selected a sentence based on clearly erroneous facts, or failed to explain sufficiently the selected sentence. Id. at 49-51. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). The court, however, need not "provide a lengthy explanation or robotically tick through § 3553(a)'s every subsection, particularly when imposing a below-Guidelines sentence." United States v. Chandia, 675 F.3d 329, 341 (4th Cir. 2012) (internal quotation marks and alteration omitted), petition for cert. filed, ___ U.S.L.W. ___ (U.S. July 3, 2012) (No. 12-5093).

In this case, the district court correctly calculated and considered as advisory the Guidelines range, heard argument from Dugger's counsel and allocution from Dugger, and gave counsel for the Government the opportunity to argue. Assuming without deciding that the court committed a plain procedural error in failing to provide a sufficiently individualized explanation for the sentence it imposed, we conclude that such error did not affect Dugger's substantial rights because there is no indication from the record that, absent the error, he

3

would have received a lower sentence. See United States v. Hernandez, 603 F.3d 267, 273 (4th Cir. 2010) (explaining that, in the sentencing context, a defendant meets his burden to show that a plain sentencing error affected his substantial rights by showing that, "absent the error, a different sentence might have been imposed").

If a sentence is procedurally reasonable, this court then considers it for substantive reasonableness, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Gall, 552 U.S. at 51. We reject as without merit counsel's argument that Dugger's sentence is substantively unreasonable. The argument, in essence, asks this court to substitute its judgment for that of the district court. Even if this court may have weighed the § 3553(a) factors differently if we had resolved the case in the first instance, we will defer to the district court's decision that a sentence of 157 months' imprisonment achieved the purposes of sentencing in Dugger's case. Indeed, it appears that the sentence imposed mirrors precisely the sentence for which Dugger's counsel advocated. See United States v. Jeffery, 631 F.3d 669, 679 (4th Cir.) ("[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors."), cert. denied, 132 S. Ct. 187 (2011).

4

Accordingly, we conclude that the district court did not abuse its discretion in sentencing Dugger.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Dugger, in writing, of the right to petition the Supreme Court of the United States for further review. If Dugger requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dugger.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>