**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4388**

———————

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

GABRIEL MCMILLIAN, a/k/a G-Mack, a/k/a Gabriel McMillan,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Aiken.  Margaret B. Seymour, Chief District Judge.  (1:10-cr-00968-MBS-6)

———————

Submitted:  December 20, 2012        Decided:  December 26, 2012

———————

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Derek J. Enderlin, ROSS & ENDERLIN, P.A., Greenville, South Carolina, for Appellant. Julius Ness Richardson, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gabriel McMillian pled guilty to conspiracy to possess with intent to distribute twenty-eight grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846 (2006). He received a 262-month sentence. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether McMillian's sentence was reasonable. McMillian was advised of his right to file a pro se supplemental brief, but has not done so. The Government declined to file a brief. We affirm.

Counsel directs our attention to the district court's determination that McMillian was a career offender based on its conclusion that McMillian stopped dealing drugs in 2005 and began anew in 2009. Thus, McMillian's 2005 conviction, based on conduct occurring in 2003, was not relevant conduct to the charged conspiracy and therefore could be used to support a career offender enhancement. We review McMillian's sentence "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). In conducting this review, we must first ensure that the district court committed no significant procedural error, such as failing to properly calculate the Sentencing Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C.

§ 3553(a) (2006) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. Id. at 51. "When imposing a sentence within the Guidelines . . . the [district court's] explanation need not be elaborate or lengthy because [G]uidelines sentences themselves are in many ways tailored to the individual and reflect approximately two decades of close attention to federal sentencing policy." United States v. Hernandez, 603 F.3d 267, 271 (4th Cir. 2010) (internal quotation marks omitted).

Once we have determined that the sentence is free of procedural error, we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. If the sentence is within the appropriate Guidelines range, we apply a presumption on appeal that the sentence is reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only if the defendant demonstrates "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

In this case, the district court did not err in applying the career offender enhancement. Further, the court heard argument from counsel and allocution from McMillian as to the appropriate sentence. Counsel requested a sentence at the

3

low end of the Guidelines range and McMillian received it. After considering the § 3553(a) factors and the advisory Guidelines range, the court concluded that a sentence at the low end of the Guidelines range adequately addressed the sentencing factors. Neither counsel nor McMillian offers any grounds to rebut the presumption on appeal that the within-Guidelines sentence was substantively reasonable. Accordingly, we conclude that the district court did not abuse its discretion in sentencing McMillian.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform McMillian, in writing, of the right to petition the Supreme Court of the United States for further review. If McMillian requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McMillian. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4