**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4304**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

DANIEL NICHOLAS BUCZKOWSKI,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.   James C. Fox, Senior District Judge.  (5:08-cr-00159-F-1)

Submitted:  November 30, 2012        Decided:  January 17, 2013

Before TRAXLER, Chief Judge, and AGEE and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Eric J. Brignac, Research and Writing Specialist, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Nicholas Buczkowski appeals the district court's imposition of a 360-month sentence imposed after remand. After a jury trial, Buczkowski was convicted of twenty-seven counts of transportation of child pornography in violation of 18 U.S.C. § 2252(a)(2) (Counts One through Seventeen and Nineteen through Twenty-Eight) and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) (Count Twenty-Nine). The district court sentenced Buczkowski to 240 months' imprisonment on Count One; 240 months' imprisonment on Count Two, to run consecutively to Count One; 240 months' imprisonment on each of Counts Three through Seventeen and Nineteen through Twenty-Eight, to run concurrently to Count Two; and 120 months' imprisonment on Count Twenty-Nine, to run concurrently to Count Two.

Buczkowski did not challenge his conviction and sentence for possession of child pornography, but he did appeal the twenty-seven transportation counts. We affirmed the conviction and sentence for the first transportation count, Count One. We vacated the convictions and sentences for Counts Two through Seventeen and Nineteen through Twenty-Eight as multiplicitous and remanded for resentencing. See United States v. Buczkowski, 458 F. App'x 311 (4th Cir. 2011) (No. 09-4938).

On remand, the district court sentenced Buczkowski to consecutive sentences of 240 months' imprisonment on Count One and 120 months' imprisonment on Count Twenty-Nine, for a total sentence of 360 months. Buczkowski appeals, challenging the reasonableness of the sentence imposed on remand.

We review the procedural and substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. See Gall v. United States, 552 U.S. 38, 51 (2007). "Procedural reasonableness evaluates the method used to determine a defendant's sentence. A sentencing determination that does not conform to the procedural framework outlined [in Gall] is procedurally unreasonable." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). "Substantive reasonableness examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a)." Id.

Buczkowski contends that the sentence was procedurally unreasonable because the district court failed to sufficiently address his arguments that a below-Guidelines sentence would be appropriate given the twenty-year state sentence imposed for the sexual abuse of his grand-niece and the possibility of civil commitment after the completion of any federal sentence. See United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009)

3

("Procedural errors include . . . failing to adequately explain the chosen sentence - including an explanation for any deviation from the Guidelines range." (internal quotation marks omitted)). We disagree.

The transcript of the re-sentencing hearing establishes that the court fully considered Buczkowski's arguments. The court engaged both attorneys with questions about the state sentence and the possibility of civil commitment and about other issues raised by Buczkowski. Noting that the offense of conviction involved 27 images of child pornography and that Buczkowski repeatedly had sexually abused his grand-niece, the district court concluded that Buczkowski was "a sexual predator who presents a danger to society." (J.A. 667). And before announcing its sentence, the district court expressly adopted the findings of the revised presentence report and stated that it had considered the advisory sentencing range and the § 3553(a) factors. It is thus clear from the record that the district court considered but ultimately rejected Buczkowski's sentencing arguments. See United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) (sentencing court "must demonstrate that it considered the parties' arguments and had a reasoned basis for exercising its own legal decisionmaking authority" (internal quotation marks and alterations omitted)). The court's explanation of the within-Guideline sentence may not

4

have been lengthy, but it was sufficient. See United States v. Hernandez, 603 F.3d 267, 271 (4th Cir. 2010) ("Although every sentence requires an adequate explanation, . . . . the explanation [for a within-Guidelines sentence] need not be elaborate or lengthy . . . ."). We therefore reject Buczkowski's claim of procedural error.

We likewise reject Buczkowski's claim that the sentence was substantively unreasonable because it was greater than necessary to serve the statutory sentencing purposes. See 18 U.S.C. § 3553(a). While the sentence imposed by the court is undeniably lengthy, it is within the Guidelines' advisory sentencing range and is therefore presumptively reasonable. See Mendoza-Mendoza, 597 F.3d at 216. Buczkowski's appellate arguments do not show error by the district court and are insufficient to overcome this presumption. Considering the totality of the circumstances, we simply cannot conclude that the district court "abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." Id.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5