**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4445**

———————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

RON TYRONE SOWELL, JR.,

               Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:12-cr-00906-RBH-1)

———————

Submitted:  November 19, 2013     Decided:  November 21, 2013

———————

Before WYNN and FLOYD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

James P. Rogers, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant.  Alfred William Walker Bethea,
Jr., Assistant United States Attorney, Florence, South Carolina,
for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ron Tyrone Sowell, Jr., pled guilty to carjacking, in violation of 18 U.S.C. § 2119(1) (2012), and received a within-Guidelines sentence of 115 months' imprisonment. On appeal, Sowell's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but asking this court to consider whether the district court fully complied with Fed. R. Crim. P. 11 in accepting Sowell's guilty plea and whether the district court adequately explained its reasons for the chosen sentence. Sowell has filed a pro se supplemental brief challenging various sentencing enhancements. The Government declined to file a response. We affirm.

Because Sowell did not move to withdraw his guilty plea in the district court, the adequacy of the Rule 11 hearing is reviewed for plain error only. United States v. Martinez, 277 F.3d 517, 524-26 (4th Cir. 2002). To demonstrate plain error, a defendant must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725 (1993). In the guilty plea context, a defendant meets his burden to establish that a plain error affected his substantial rights by showing a reasonable probability that he would not have pled guilty but for the district court's Rule 11 omissions. United States v.

2

Massenburg, 564 F.3d 337, 343 (4th Cir. 2009). Our thorough review of the record reveals that the district court fully complied with Rule 11 in conducting the guilty plea colloquy. Thus, we conclude that Sowell's guilty plea was knowing and voluntary and supported by an independent basis in fact, and we find no error in the district court's acceptance of his guilty plea.

Next, counsel challenges as inadequate the district court's explanation of the sentence. We review any sentence for reasonableness under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). A sentence is procedurally reasonable if, among other things, the court sufficiently explains its reasons for imposing it. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). While every sentence requires an adequate explanation, when the district court imposes a sentence within the Guidelines range, "the explanation need not be elaborate or lengthy." United States v. Hernandez, 603 F.3d 267, 271 (4th Cir. 2010). Our review of the record leads us to conclude that the district court provided an adequate explanation of Sowell's sentence and therefore did not abuse its discretion in imposing its chosen sentence.

In accordance with Anders, we have examined Sowell's pro se claims and the entire record for potentially meritorious

3

issues and have found none.  We affirm the judgment of the district court.  This court requires that counsel inform Sowell, in writing, of his right to petition the Supreme Court of the petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move to withdraw. Counsel's motion must state that a copy thereof was served on Sowell.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED