**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-4329**

———————

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

    v.

CHERNOH A. JALLOH,

          Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Greenville. Bruce H. Hendricks, District Judge. (6:15-cr-00617-BHH-1)

———————

Submitted: October 13, 2016      Decided: October 17, 2016

———————

Before NIEMEYER, DUNCAN, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Beth Drake, Acting United States Attorney, William J. Watkins, Jr., Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chernoh A. Jalloh appeals the 37-month sentence imposed after he pled guilty to conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(a)(3) (2012). Jalloh asserts only that the district court failed to adequately explain the chosen sentence, thereby rendering his sentence procedurally unreasonable. Finding no error, we affirm.

We review the reasonableness of a sentence for abuse of discretion. United States v. Lymas, 781 F.3d 106, 111 (4th Cir. 2015). First, we consider whether the district court committed a significant procedural error, such as failing to consider the 18 U.S.C. § 3553(a) (2012) factors or failing to adequately explain the chosen sentence. Gall v. United States, 552 U.S. 38, 51 (2007). When imposing a sentence, a district court must make and place on the record an individualized assessment based on the particular facts of the case. United States v. Carter, 564 F.3d 325, 328, 330 (4th Cir. 2009).

While the sentencing court must state in open court the particular reasons that support its chosen sentence, the court's explanation need not be exhaustive. United States v. Avila, 770 F.3d 1100, 1107–08 (4th Cir. 2014); see also United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006) (recognizing that a court need not explicitly reference § 3553(a) or discuss every factor on the record). The court's explanation must be

sufficient "to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007). "Although every sentence requires an adequate explanation, a more complete and detailed explanation of a sentence is required when departing from the advisory Sentencing Guidelines, and a major departure should be supported by a more significant justification than a minor one." United States v. Hernandez, 603 F.3d 267, 271 (4th Cir. 2010) (internal quotation marks omitted). "When imposing a sentence within the Guidelines, however, the explanation need not be elaborate or lengthy[.]" Id.

We have reviewed the record and considered the parties' arguments and find no procedural error in Jalloh's 37-month sentence. The district court stated that it considered the Sentencing Guidelines and the § 3553(a) factors and explicitly discussed why it believed a sentence at the top of Jalloh's Guidelines range was sufficient, but not greater than necessary, to achieve the purposes of sentencing. On this record, we are satisfied that the district court "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." Rita, 551 U.S. at 356.

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and

3

legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED