**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4253**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

JOSEPH JUNIOR ALFRED,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (5:15-cr-00144-F-1)

_____

Submitted:  February 28, 2017                    Decided:  April 11, 2017

_____

Before WILKINSON, AGEE, and HARRIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Junior Alfred appeals his 57-month sentence for attempted bank robbery, in violation of 18 U.S.C. § 2113(a) (2012). He argues that the district court committed procedural error by inadequately explaining its reasons for imposing a sentence within the Sentencing Guidelines range and rejecting his arguments for a shorter sentence. We review a sentence for reasonableness, applying a "deferential abuse-of-discretion standard," Gall v. United States, 552 U.S. 38, 41 (2007), and, if there was an abuse of discretion, we will reverse unless the error was harmless, United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). Finding no error, we affirm.

"[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." Gall, 552 U.S. at 49. "[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the [18 U.S.C.] § 3553(a) factors to determine whether they support the sentence requested by a party." Id. at 49-50. Following "an individualized assessment based on the facts presented," the court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Id. at 50. The sentencing judge should provide enough reasoning "to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007).

In imposing a within-Guidelines sentence, the court's explanation for its sentence "need not be elaborate or lengthy," United States v. Hernandez, 603 F.3d 267, 271 (4th

Cir. 2010), but the court still must provide sufficient explanation "to allow an appellate court to effectively review the reasonableness of the sentence," United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006) (internal quotation marks omitted). An insufficient explanation of the sentence imposed constitutes significant procedural error by the district court. See Lynn, 592 F.3d at 575.

We have reviewed the record and conclude that the district court's statement that it believed Alfred was likely to recidivate coupled with the special conditions imposed on Alfred's term of supervised release was sufficiently individualized and adequate to justify the within-Guidelines sentence imposed. It is clear that the district court heard and considered the parties' respective arguments and had a reasoned basis for rejecting Alfred's request for a downward variance. Accordingly, we find no procedural error in the district court's explanation of Alfred's sentence. We therefore affirm.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*