**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4614**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

GARY SCOTT CONWAY,

    Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
J. Frederick Motz, Senior District Judge. (1:15-cr-00467-JFM-1)

Submitted: April 27, 2017           Decided: May 4, 2017

Before TRAXLER, AGEE, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Meghan Skelton, Appellate Attorney, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Paul E. Budlow, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Scott Conway appeals his 240-month sentence for transportation of child pornography, in violation of 18 U.S.C. §§ 2252(a)(1), 2256 (2012). He argues that the district court committed procedural error by inadequately explaining the reasons for imposing a sentence within the properly calculated Sentencing Guidelines range and rejecting his arguments for a downward variant sentence. We review a sentence for reasonableness, applying a "deferential abuse-of-discretion standard," *Gall v. United States*, 552 U.S. 38, 41 (2007), and, if there was an abuse of discretion, we will reverse unless the error was harmless, *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010). Finding no error, we affirm.

"[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall*, 552 U.S. at 49. "[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the [18 U.S.C.] § 3553(a) [(2012)] factors to determine whether they support the sentence requested by a party." *Id*. at 49-50. Following "an individualized assessment based on the facts presented," the court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id*. at 50. The sentencing judge should provide enough reasoning "to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

2

In imposing a within-Guidelines sentence, the court's explanation "need not be elaborate or lengthy," *United States v. Hernandez*, 603 F.3d 267, 271 (4th Cir. 2010), but the court still must provide sufficient explanation "to allow an appellate court to effectively review the reasonableness of the sentence," *United States v. Montes-Pineda*, 445 F.3d 375, 380 (4th Cir. 2006) (internal quotation marks omitted). An insufficient explanation for the sentence imposed constitutes significant procedural error by the district court. *See Lynn*, 592 F.3d at 575.

We have reviewed the record and conclude the district court satisfied its duty under these authorities. The court specifically noted that the selected 240-month sentence was appropriate because of Conway's background, which was thoroughly discussed at sentencing and well-documented in the record, and the need to specifically deter Conway from recidivating. The court also included a particularized recommendation that Conway be housed at FCI Petersburg, which offers a treatment program for sex offenders, and imposed special conditions on Conway's term of supervised release that relate to the facts of this case. The court's statements, coupled with its specific recommendations, reflect a sufficiently individualized and adequate justification for the within-Guidelines sentence selected for this defendant. They further reflect that the district court heard and considered the parties' respective arguments, and had a reasoned basis for rejecting Conway's request for a downward variance.

We thus find no procedural error in the district court's explanation for Conway's sentence and therefore affirm the amended criminal judgment. We dispense with oral

3

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*