**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4792**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

SUERENZA TYRE NIXON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:15-cr-00079-BO-1)

Submitted:  September 29, 2017                     Decided:  October 13, 2017

Before WILKINSON, TRAXLER, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geoffrey W. Hosford, HOSFORD & HOSFORD, P.C., Wilmington, North Carolina, for Appellant.   John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Suerenza Tyre Nixon appeals his sentence of 151 months in prison after pleading guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine and a quantity of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(B), 846 (2012). The district court sustained Nixon's only objection to the presentence report and determined his Guidelines range was 151 to 188 months in prison. Nixon requested a slight variance below the range, whereas the Government requested a sentence at the high end of the range. The district court imposed a sentence at the low end of the range. On appeal, Nixon contends the district court erred in not granting his request. We affirm.

When reviewing a sentence, we must first ensure that the district court committed no significant procedural error, such as failing to adequately explain the chosen sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). If there is no procedural error, we consider the substantive reasonableness of the sentence for abuse of discretion, taking into account the totality of the circumstances. *Id.* A sentence within the Guidelines range is presumptively reasonable. *United States v. White*, 850 F.3d 667, 674 (4th Cir.), *cert. denied*, 137 S. Ct. 2252 (2017). The presumption can only be rebutted by showing the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) (2012) factors. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

"[W]e review the district court's sentencing procedure for abuse of discretion, and must reverse if we find error, unless we can conclude that the error was harmless." *United States v. Gomez-Jimenez*, 750 F.3d 370, 379 (4th Cir. 2014) (internal quotation marks and citation omitted). The district court "must make an *individualized* assessment

2

based on the facts presented when imposing a sentence, apply[ing] the relevant § 3553(a) factors to the specific circumstances of the case and the defendant, and must state in open court the particular reasons supporting its chosen sentence." *United States v. Lymas*, 781 F.3d 106, 113 (4th Cir. 2015) (internal quotation marks and citations omitted).

"[A] district court's explanation of its sentence need not be lengthy, but the court must offer *some* individualized assessment justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553." *Id.* (internal quotation marks and citation omitted). The "court's stated rationale must be tailored to the particular case at hand and adequate to permit meaningful appellate review." *Id.* (internal quotation marks and citation omitted). "In a typical case, a guidelines sentencing range embodies the § 3553(a) factors and 'reflect[s] a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Id.* at 112 (citation omitted).

"Although every sentence requires an adequate explanation, a more complete and detailed explanation of a sentence is required when departing from the advisory Sentencing Guidelines, and a major departure should be supported by a more significant justification than a minor one." *United States v. Hernandez*, 603 F.3d 267, 271 (4th Cir. 2010) (internal quotation marks and citations omitted). "When imposing a sentence within the Guidelines, however, the explanation need not be elaborate or lengthy." *Id.* (internal quotation marks and citations omitted).

On appeal, Nixon contends that the district court failed to consider his request for a slight variance below the Guidelines range based on his arguments concerning his pretrial confinement. Our review of the record convinces us the district court considered

3

his pretrial confinement arguments, and the district court's explanation of its sentence was sufficiently individualized and adequate in this case. Even assuming that the district court's explanation was in any way insufficient, we would conclude that any such error was harmless. See *United States v. Boulware*, 604 F.3d 832, 838-40 (4th Cir. 2010).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*