**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4502**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

TRAVIS DONALD FENDER,

          Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge.  (2:14-cr-00642-DCN-1)

Submitted:  January 25, 2018                    Decided:  February 8, 2018

Before GREGORY, Chief Judge, and NIEMEYER and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Beth Drake, United States Attorney, Nathan Williams, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Fender pled guilty, pursuant to a written plea agreement, to two firearms offenses: possession and discharge of a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c) (2012) (Count 2); and possession of a firearm and ammunition by a felon, 18 U.S.C. § 922(g) (2012) (Count 3). At sentencing, and over Fender's objection, the district court applied the robbery cross-reference, U.S. Sentencing Guidelines Manual (2016) § 2B3.1 ("USSG"), resulting in a base offense level of 25. After a three-level reduction for acceptance of responsibility, Fender's total offense level was 22. With a criminal history category of III, Fender's applicable advisory Guidelines range was 51 to 63 months for Count 3, to run consecutive to a mandatory term of 10 years as to Count 2 (18 U.S.C. § 924(c)(1)(A)(iii) (2012)). The court imposed a total term of 171 months' imprisonment: 120 months as to Count 2 and 51 months as to Count 3. Fender appeals, raising two arguments challenging the procedural reasonableness of his sentence. Finding no error, we affirm.

Fender first argues that the district court erred in applying the robbery cross-reference, USSG § 2B3.1 (with a base offense level of 20), in calculating his base offense level because the evidence failed to support a finding that he robbed the victims. Although Fender concedes that he shot and injured the two victims, he argues that the court should have applied the aggravated assault cross-reference, USSG § 2A2.2 (with a base offense level of 14).

We review a sentence, "whether inside, just outside, or significantly outside the Guidelines range[,] under a deferential abuse-of-discretion standard." *Gall v. United*

*States*, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id*. at 51. In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) sentencing factors, selected a sentence based on clearly erroneous facts, or failed to explain sufficiently the selected sentence. *Id*. at 49-51.

We review the factual findings underlying the district court's application of a Guidelines cross-reference for clear error. *United States v. Ashford*, 718 F.3d 377, 380, 384 (4th Cir. 2013). "In the event of a conviction for illegal possession of a firearm, USSG § 2K2.1(c) authorizes a district court to substitute the offense level for any criminal offense that the defendant committed or attempted to commit in connection with the possession of the firearm." *Id.* at 381.

Our review of the record reveals that the district court did not clearly err in concluding that Fender robbed the victims. Although there was conflicting testimony regarding the details of the shooting, Fender's challenges to the district court's credibility determinations are not subject to review. *See United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989).

Second, Fender asserts that the district court failed to adequately explain the chosen sentence. The district court "must make an individualized assessment based on the facts presented when imposing a sentence, apply[ing] the relevant [18 U.S.C.] § 3553(a) factors to the specific circumstances of the case and the defendant, and must

3

state in open court the particular reasons supporting its chosen sentence." *United States v. Lymas*, 781 F.3d 106, 113 (4th Cir. 2015) (citation and internal quotation marks omitted). "When imposing a sentence within the Guidelines, however, the explanation need not be elaborate or lengthy." *United States v. Hernandez*, 603 F.3d 267, 271 (4th Cir. 2010) (citations and internal quotation marks omitted). We find that the district court satisfied these requirements and adequately explained the within-Guidelines sentence imposed.

Accordingly, we affirm Fender's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*